| STATE OF LOUISIANA IN | * | NO. 2020-C-0221 |
|---|---|---|
| THE INTEREST OF L.S. | | |
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

*SCJ*

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent from the majority's denial of relator's writ, which seeks review of the juvenile court's April 23, 2020 judgment denying his motion for release. Based on my review of the record of these proceedings, for the following reasons, I would remand this matter to the juvenile court, with orders to hold a continued custody hearing, on the grounds of a probation violation, within three days.

**Procedural Background**

On February 5, 2020, in case no. 2020-010-04-DQ-F, the juvenile court, Section F, adjudicated L.S. delinquent for a violation of La. R.S. 14:68.4, unauthorized use of a motor vehicle. The juvenile court sentenced L.S. to six months custody, suspended, with credit for 30 days served, and placed L.S. on active probation for six months. The February 5, 2020 judgment outlines the conditions of probation[1] and further states, "[t]he Court discussed consequences of

---

[1] The conditions of L.S.'s probation are as follows:
1. The youth must attend school every day that school is in session.
2. The youth is to have no guns, knives, or other weapons at any time.
3. If the youth is arrested for any offense between now and August 4, 2020, the Court will find the youth is in contempt of court and jail him for five days.
4. If the youth is convicted of any offense between now and August 4, 2020, the Court will revoke his probation and the youth will serve the balance of the five (5) months in OJJ custody.

1

getting arrested (five days in jail) and of getting convicted (probation will be revoked) in the next six (6) months."

On March 11, 2020, L.S. was arrested on a warrant for violations of La. R.S. 14:34.7, principal to aggravated 2nd degree battery, and La. R.S. 14:69, possession of stolen property, stemming from an incident alleged to have occurred on March 5, 2020. L.S. was detained on those charges, in case no. 2020-072-02-DQ-B. The continued custody hearing for that case was continued at the request of counsel to March 19, 2020, and subsequently, due to the court closures by order of the Louisiana Supreme Court as a result of the COVID-19 pandemic, the continued custody hearing was reset for April 20, 2020.

While the continued custody hearing was pending in Section B, the State notified Section F that L.S. was detained on a new arrest, in violation of his probation in case no. 2020-010-04-DQ-F. Consequently, on April 14, 2020, the juvenile court, Section F, placed a detainer on L.S. for violation of his probation, ordered the State to file a motion to revoke probation, and set a probation revocation hearing for May 27, 2020, the date previously set for probation review.

On April 20, 2020, at the continued custody hearing in Section B, the State "elect[ed] not to have a continue [sic] custody hearing for this matter"; and, "[t]he Court release[d] the juvenile as to [2020-072-02-DQ-B]." However, the court noted that L.S. "is being detained on Case number 2020-010-04-DQ-F at the Juvenile Justice Intervention Center."

The following day, L.S. filed the motion for release in Section F, at issue in this matter. In response, the State filed a rule to show cause for a hearing on the motion for release. The defense then filed an objection to detainer and an opposition to the rule to show cause, arguing that L.S. had been detained since March 11, 2020, and held since April 14, 2020 on the probation violation, without a hearing on that continued custody, as required by La. Ch. C. arts. 819 and 820.

2

On April 23, 2020, without holding a hearing on the motion for release, the juvenile court denied the motion for release and issued a per curiam. The juvenile court reasoned that L.S.'s arrest on March 11, 2020, pursuant to a signed arrest warrant, served as a lawful basis for his continued detention, because the arrest warrant is a judicial determination of probable cause.

This writ followed.

**Discussion**

L.S. argues that the juvenile court erred in failing to hold a continued custody hearing in Section F, case no. 2020-010-04-DQ-F, for the probation violation. In consideration of the history of this case, and based on the clear language of La. Ch.C. arts. 819 and 820, I agree.

If a child who is taken into custody is not released to the care of his parents, the court shall set and hold a continued custody hearing within three days after the child's entry into the juvenile detention center. La. Ch. C. art. 819. For the State to continue to detain a juvenile prior to adjudication, the State must prove the grounds for continued custody; "[a]t the continued custody hearing, the state shall prove that there is probable cause that the child has committed a delinquent act or has violated a condition of probation or release." La. Ch. C. art. 820. In addition, the court must follow the procedures for continued custody hearing set forth in La. Ch. C. art. 821.

In the instant matter, L.S. was detained on March 11, 2020, in case no. 2020-072-02-DQ-B, for which a continued custody hearing was set and held on April 20, 2020, at which time Section B released L.S. on that matter. If not for the detainer from Section F, L.S. would have been released from custody at that time. But, in consideration of the continued custody of L.S. for a probation violation in case no. 2020-010-04-DQ-F, the Children's Code clearly requires a continued custody hearing be held, at which the State must prove that there is probable cause that L.S.

3

violated a condition of his probation. While the signed arrest warrant executed on March 11, 2020, provided probable cause to take L.S. into custody, the Children's Code still requires that a continued custody hearing be held.

For the foregoing reasons, I would grant relator's writ and remand this matter to the juvenile court, Section F, with orders to hold a continued custody hearing in accordance with La. Ch. C. arts. 820 and 821, within three days.